UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JOHN F. PIERCE                          :
                                        :
         Petitioner                     :
    v.                                  :    C.A. No. 01-266ML
                                        :
ASHBEL T. WALL and                      :
STATE OF RHODE ISLAND                   :
                                        :
         Respondents                    :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Before the Court is Petitioner John F. Pierce's Motion for Relief from Judgment in his 28 U.S.C. § 2254 Petition. (Document No. 41). The State objects to the Motion asserting, inter alia, that it is time-barred under 28 U.S.C. § 2244, the applicable statute of limitations. (Document No. 42). Petitioner filed a response on January 26, 2011. (Document No. 49).

This is Petitioner's third bite at the apple in this case. The first resulted in a final judgment against Petitioner in 2001 (Document No. 16) with no appeal taken. The second came in the form of a 2008 Motion to Reopen Case (Document No. 17) which was denied by Chief Judge Lisi in 2009. (Document No. 23). Petitioner's subsequent appeal of the second bite was unsuccessful. (Document No. 40). Shortly thereafter, Petitioner took his third bite and filed this pending Motion.

This Motion has been referred to me for preliminary review, findings and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and LR Cv 72(a). I have determined that no hearing is necessary. After reviewing the memoranda submitted by the parties and reviewing relevant case law, I recommend that Petitioner's Motion for Relief from Judgment (Document No. 41) be DENIED.

**Background**

In Kholi v. Wall, 582 F.3d 147 (1st Cir. 2009), cert. granted, 130 S. Ct. 3274 (2010),[1] the First Circuit Court of Appeals found that a state court motion for sentence reduction tolls the statute of limitations for filing a habeas corpus petition under 28 U.S.C. § 2254. Petitioner argues that Kholi's holding applies to him and requires the Court to "reinstate" his original habeas corpus petition. As will be demonstrated by a recitation of the background facts in this case, even if the Kholi decision was applied retroactively to this case,[2] it would not revive the claims presented in Petitioner's long-expired § 2254 Petition.

**Facts and Travel**

The facts in this case are garnered from Magistrate Judge Lovegreen's Report and Recommendation dated October 12, 2001 and appended to Petitioner's Motion for Relief. (Document No. 41-1 at 3). The Report and Recommendation was accepted by then-Chief Judge Torres over Petitioner's objection, and final judgment entered in favor of Respondents and against Petitioner on November 7, 2001. (Document No. 16).

Petitioner was convicted of three counts of first degree child molestation and four counts of either first or second degree sexual assault in April 1994. (Document No. 41-1 at 3). The victim was Petitioner's step-daughter. Petitioner received a substantial prison sentence. He appealed his sentence to the Rhode Island Supreme Court, and five of the six convictions were affirmed. See State v. Pierce, 689 A.2d 1030 (R.I. 1997). The sixth conviction was reversed and remanded for a new trial. Id. Upon

---

[1] Oral argument before the Supreme Court was held on November 29, 2010 and the appeal is under advisement. See 2010 WL 4818790.

[2] The State notes that because the United States Supreme Court has not yet ruled on the Kholi case and because Kholi involved statutory and not constitutional interpretation, it is not a candidate for retroactive application under Tyler v. Cain, 533 U.S. 656, 663-668 (2001). However, it is not necessary to reach this argument, since even assuming arguendo that Kholi should be retroactively applied, it would not revive these long-expired claims.

remand, Petitioner moved for a reduction of sentence in December 1997, which was granted in May 1998. Id. On September 30, 2000, Petitioner filed a state court motion for post conviction relief. He supplemented his motion for post conviction relief throughout early 2001. On May 30, 2001, Petitioner filed this federal Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Id. Magistrate Judge Lovegreen recommended on October 12, 2001 that the Petition be dismissed as time-barred because it failed to meet the one-year time limitation and, alternatively, because Petitioner filed his federal habeas action prior to exhausting his state court remedies. Id.

**Standard of Review**

Prior to filing a petition pursuant to 28 U.S.C. § 2254, a Petitioner must meet certain statutory prerequisites. In the present case, the Petition is untimely under the applicable statute of limitations.

**A.     Statute of Limitations**

28 U.S.C. §2244 provides "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." Subsection A provides that the limitation period will begin to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," but that it shall be tolled while any "properly filed application for State post-conviction or other collateral review" is pending.

The statute of limitations for a federal habeas action begins to run when the judgment in the state court is "final." The statute defines a conviction as "final" upon "the conclusion of direct review or the expiration of the time for seeking such review." I conclude that Petitioner's state court conviction was "final" on June 26, 1997, i.e. ninety days after the date on which his petition for rehearing was denied.[3] (Document No. 41-1 at 7). Thus, as Magistrate Judge Lovegreen concluded, the statute expired on June

---

[3] The conviction is considered final upon the conclusion of review with the United States Supreme Court, or the expiration of a ninety-day period for seeking certiorari pursuant to Sup. Ct. Rule 13.

26, 1998, one year after that date. Document No. 41-1 at 7. Petitioner's state court post-conviction proceeding was commenced in September 2000, thus it does not have any effect upon the calculation of the statute of limitations, because it had already expired. See Dunker v. Bissonnette, 154 F. Supp. 2d 95, 103 (D. Mass. 2001) ("the tolling provision does not give petitioner the ability to revive an expired grace period by the simple expedient of filing a [subsequent motion for relief]. Such an ability would eviscerate the one year grace period"); Smith v. Stegall, 141 F. Supp. 2d 779, 782-783 (E.D. Mich. 2001) ("[a] state court postconviction motion that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled"); Sorce v. Artuz, 73 F. Supp. 2d 292, 294 (E.D.N.Y. 1999) ("[t]he tolling provision [ ] does not allow the one year period to run anew each time a post-conviction motion is ruled upon").

Petitioner is arguing that his earlier motion to reduce sentence should have tolled the limitations period. In his 2001 Report and Recommendation, Magistrate Judge Lovegreen noted that the motion to reduce sentence did not toll the limitations period because it did not attack the judgment of conviction, only the length of Petitioner's sentence. Id. This is where Petitioner asserts that the holding set forth in Kholi would revive his claims. However, as noted by Magistrate Judge Lovegreen in Footnote 9, "[e]ven if the approximately five-month period during which [Petitioner's] motion to reduce sentence was pending *did* toll the pertinent limitations period here, it could not save the instant habeas petition, which was filed more than two years after the limitations period expired." Id. (emphasis added). Thus, even assuming that Kholi would apply retroactively in this case, the limitations period would have commenced in June 1997 and run until December 1997 when the motion to reduce sentence was filed (approximately five months). It would have been tolled until May 1998 (approximately five months) when the motion was granted. The limitations period would have recommenced in May 1998 and run until one year passed, or roughly another seven months, in late December 1998. In any event, the federal case was not filed until

May 2001, well outside the statutory one-year limitations period even accepting Petitioner's argument that his motion to reduce sentence tolled the limitations period.

After a thorough review of the statute and pertinent cases, I conclude that the one-year statute of limitations expired prior to Petitioner's filing this action in federal court, thus forever foreclosing his opportunity to seek relief under 28 U.S.C. § 2254 for his state convictions.

**Conclusion**

For the foregoing reasons, I recommend that the Petitioner's Motion for Relief from Judgment in his 28 U.S.C. § 2254 Petition (Document No. 41) be DENIED. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
January 28, 2011